UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| Mary Lynn Lonergan | ) | Bankruptcy Case No.: 11-16325 |
| | ) | Judge Jack B. Schmetterer |

Mary Lynn Lonergan

Plaintiff,                                    Adversary No.: 11-01201

Chase Home Finance, LLC
Defendant.

## FINDINGS OF FACT AND CONCLUSION OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Chase Home Finance, LLC, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiff is individual residing at 4419 S. Lowe, Chicago, IL 60609.

2. Chase Home Finance, LLC is lender and/or servicer of mortgage.

3. Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code on April 16, 2011 in the Northern District of Illinois, case number 11-16325.

4. This adversary proceeding arises under Sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 and this is a core proceeding under 28 U.S.C. § 157.

6. Plaintiff is the owner of real estate located at 4419 S. Lowe, Chicago, Illinois 60609 described as follows:

    LOT 17 IN EBERHART'S SUBDIVISION OF PART OF THE NORTH ½ OF THE SOUTHEAST ¼ OF THE NORTHWEST ¼ OF THE SOUTHWEST ¼ OF SECTION 4, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

    P.I.N. Number: 20-04-314-007

7. The fair market value of the real estate is $160,500.00 pursuant to the original adversary complaint.

8. A first mortgage lien is currently held by Chase Home Finance, LLC in the amount of $194,590.00 pursuant to the originally filed adversary complaint.

9. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $194,590.00, exceeds the value of the above real estate, $160,500.00.

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F. 3d 122 (2nd Cir. 2001); In re McDonald, 205 F. 3d 606 (3rd Cir. 2000); In re Bartee, 212 F. 3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed: _____
Judge Jack B. Schmetterer

6/28/11

JUN 28 2011

Thomas W. Toolis
ARDC # 6270743
Attorney for Plaintiff
Jahnke, Sullivan & Toolis, LLC
9031 W. 151st Street, Suite 203
Orland Park, IL 60462
708-349-9333